UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUAN ROGELIO TOL ALVA,
Petitioner,
v.
DAVID VENTURELLA, Acting Director of U.S. ICE, et al.,
Respondents.

Case No.: 3:26-cv-04408-RBM-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Juan Rogelio Tol Alva's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States with his wife and two children on August 26, 2023 for an appointment made through the CBP One application. (*Id.* ¶ 63.) Petitioner and his family were paroled into the United States on that day and settled in Florida. (*Id.* ¶ 9.) Petitioner has lived here continuously since, supporting his family through agricultural and field maintenance work and applying for asylum on September 29, 2025. (*Id.*)

On or about May 3, 2026, Petitioner was taken into custody after being charged for driving without a license. (*Id.* ¶ 10.) On June 3, 2026, Petitioner was sentenced to time served and, upon his release from state custody, transferred into immigration custody. (*Id.*

¶ 11.) He was then transferred to Otay Mesa Detention Center, where he remains. (*Id.*) On August 1, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule shortly thereafter. (Doc. 3.) Respondents filed their Response to Petition on August 10, 2026. (Doc. 5.) Petitioner filed his Reply on August 17, 2026. (Doc. 6.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 70–85.) Respondents, citing the Ninth Circuit's recent decision in *Rodriguez Vasquez v. Bostock*, — F.4th —, 2026 WL 2196424 (9th Cir. July 30, 2026), "acknowledge[ ] that Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and "do[ ] not oppose the petition." (Doc. 5 at 2.) Petitioner does not oppose a bond hearing, but argues that it should occur sooner than the fourteen days Respondents request. (Doc. 6 at 2.) In light of *Rodriguez Vasquez* and Respondents' non-opposition, the Court **GRANTS** the Petition.

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge **within seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.
2. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2] If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.
3. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]
4. On or before **August 31, 2026**, Respondents **SHALL FILE** a status report indicating whether Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED.**

DATE: August 17, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").